IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., ) <br> ) <br> ) <br> ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> RAJU SINGH JASSAR, et al., ) <br> ) <br> ) <br> Defendants. ) <br> _____ ) | 1:10cv02166 LJO DLB <br><br> FINDINGS AND RECOMMENDATION REGARDING PLAINTIFF'S APPLICATION FOR FOR DEFAULT JUDGMENT <br><br> (Document 10) |

On March 8, 2011, Plaintiff Joe Hand Promotions, Inc. ("Plaintiff") filed the present motion for default judgment against Defendants Raju Singh Jassar and Rajinder K. Dhand, individually and d/b/a Desi Café. The motion was referred to this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. The Court deemed the matter suitable for decision without oral argument pursuant to Local Rule 230(g), and vacated the hearing scheduled for April 22, 2011.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff filed this action on November 19, 2010, against Defendants Raju Singh Jassar and Rajinder K. Dhand, individually and d/b/a Desi Café. The complaint alleges violations of 47 U.S.C. § 605 and 47 U.S.C. § 553, as well as state law causes of action for conversion and violation of Cal. Bus. & Prof. Code § 17200, et seq. The allegations are based on Defendants' alleged unlawful

interception, reception, and exhibition of "Ultimate Fighting Championship 106: Tito Ortiz v. Forrest Griffin II" ("Program"), which was telecast on November 21, 2009. According to the complaint, Plaintiff was the exclusive nationwide commercial distributor of the Program.

The First Cause of Action for violation of 47 U.S.C. § 605 (Unauthorized Publication or Use of Communications) alleges that Defendants knowingly intercepted, received, published, divulged, displayed and/or exhibited the Program for purposes of direct or indirect commercial advantage or private financial gain. Plaintiff seeks $110,000 in statutory damages, along with attorneys' fees and costs. The Second Cause of Action for violation of 47 U.S.C. § 553 (Unauthorized Reception of Cable Services) is based upon the same allegations. Plaintiff requests $60,000 in damages, as well as attorneys' fees and costs. The Third Cause of Action for conversion alleges that Defendants "tortuously obtained possession" of the Program and wrongfully converted it for their own benefit. Plaintiff alleges that these acts were willful and intentionally designed to harm Plaintiff and subject it to economic distress and financial loss. Plaintiff seeks compensatory, punitive and exemplary damages, attorneys' fees and costs. The Fourth Cause of Action alleges a violation of Cal. Bus. & Prof. Code § 17200, et seq., for which Plaintiff seeks restitution, declaratory relief and injunctive relief.

On January 20, 2011, Plaintiff filed proofs of service indicating that Defendants were both served on December 30, 2010, by substituted service on Pender Dhehad, the person in charge at Desi Café in Bakersfield, California. The process server also mailed the documents to Defendants at the business address. Docs. 5 and 6. According to the declaration of diligence filed with the proofs of service, the process server attempted service on three separate occasions (December 28, 29 and 30, 2010). Docs. 5 and 6.

On February 7, 2011, pursuant to Plaintiff's request, the Clerk of the Court entered default against both Defendants.

Plaintiff filed the instant motion for default judgment on March 8, 2011. Defendants were served with the motion by mail at their business address. Doc. 10, p. 4.

Defendants have not filed an opposition or otherwise appeared in this action.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 55(b)(2) provides:

(2) By the Court. In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals preserving any federal statutory right to a jury trial when to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter.

"Upon default, the well-pleaded allegations of a complaint relating to liability are taken as true." Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc., 722 F.2d 1319, 1323 (7th Cir. 1983); TeleVideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987). Thus, "[a]t the time of entry of default, the facts alleged by the plaintiff in the complaint are deemed admitted." 10 J. Moore, Moore's Federal Practice § 55.11 (3d ed. 2000).

**DISCUSSION**

Pursuant to the proofs of service filed with the Court, Defendants were served by substituted service with the summons and complaint. The Clerk entered default as to both Defendants on February 7, 2011.

Defendants are not infants or incompetent persons, and are not in the military service or otherwise exempted under the Servicemembers Civil Relief Act of 2003. Declaration of Thomas P. Riley ("Riley Dec.") ¶ 3.

Although the Complaint seeks relief pursuant to Section 605 and Section 553, Plaintiff requests recovery under Section 605. In cases involving a satellite, Section 605 is the proper statute for a damages award. See, e.g., DirectTV, Inc. v. Webb, 545 F.3d 837, 844 (9th Cir. 2008) (Section 605 covers airborne communications, including satellite television signals). This statute allows for both statutory damages and "enhanced" damages. Section 605(e)(3)(C)(i)(II) permits the aggrieved party to recover "statutory damages for each violation ... in a sum of not less than $1,000 or more than $10,000." Additionally, Section 605(e)(3)(C)(ii) provides that where a violation is "committed

willfully and for purposes of ... commercial advantage or private gain," the court may increase the award of damages by an amount of no more than $100,000 for each violation. Plaintiff seeks both the maximum statutory damages award ($10,000) and the maximum enhanced damages award ($100,000) pursuant to Section 605.

According to exhibits accompanying the motion for default judgment, "Punjabi Partners, Inc." is the listed owner of Desi Café. Exhibits to Declaration of Affiant (Doc. 10-3). Although not entirely clear, Defendants appear to be officers of Punjabi Partners, Inc. Section 605 provides for remedies against any "person" who violates the section. Thus, for vicarious liability to apply, Joe Hand must have alleged that defendants had a "right and ability to supervise" the violations, and that they had a strong financial interest in such activities. See, e.g., J & J Sports Production, Inc. v. Ribeiro, 562 F.Supp.2d 498 (S.D.N.Y. 2008) (defendant sued in individual capacity as an officer, director, shareholder and/or principal of her business entity). Here, Plaintiff has alleged that each individual defendant "is an owner, and/or operator, and/ or licensee, and/or permitee, and/or person in charge, and/or an individual with dominion, control, oversight and management of the commercial establishment doing business as Desi Café. . . ." Complaint, ¶¶ 7-8. Plaintiff has further alleged that Defendants' actions were "done willfully and for purposes of direct and/or indirect commercial advantage and/or private financial gain." Complaint, ¶ 14.

Having accepted the well pleaded allegations of the complaint as true, Plaintiff is entitled to judgment based on Defendants' violation of 47 U.S.C. § 605. Although the location of the establishment was in a relatively urban city, the size of the establishment at issue (approximate capacity of 40 people), the number of televisions (one), and the number of viewing patrons (headcounts of 10/13/13) indicate that the violation likely had a minimal impact. Declaration of Affiant (Doc. 10-3). However, the Court recognizes that the deterrence of future violations is an important objective of the statute and that Defendants' actions were done wilfully for commercial advantage. Accordingly, the Court finds that an award of $10,000.00 in statutory damages and an additional $20,000.00 in enhanced damages is an appropriate remedy. The total amount both compensates Plaintiff and serves as a deterrent to the acts at issue.

In addition to Section 605 damages, Plaintiff requests conversion damages totaling $900.00. Plaintiff indicates that this is the amount Defendants would have been required to pay had they ordered the Program from Plaintiff. Riley Dec. ¶ 7; Exhibit 1 to Plaintiff's Affidavit. According to Plaintiff, damages for conversion are based on the value of the property at the time of the conversion plus interest. Cal. Civ. Code § 3336 (detriment caused by wrongful conversion of personal property is presumed to be the value of the property at the time of the conversion, with interest from that time). The Court recommends an award of $900.00 in damages for the conversion claim.

**RECOMMENDATION**

Based on the above, the Court RECOMMENDS that judgment be entered in this action against Defendants and RECOMMENDS that damages in the total amount $30,900.00 be fixed as follows:

1) Statutory damages in the sum of $10,000.00 pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II);

2) Enhanced damages in the sum of $20,000.00 pursuant to 47 U.S.C. § 605(c)(3)(C)(ii); and

3) Damages for conversion in the sum of $900.00.

This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 631(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **fourteen (14) days** after being served with a copy, any party may serve on opposing counsel and file with the court written objections to such proposed findings and recommendations. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Responses to the objections shall be served and filed within fourteen (14) days after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1).

IT IS SO ORDERED.

Dated: **May 17, 2011**          /s/ **Dennis L. Beck**
                                  UNITED STATES MAGISTRATE JUDGE